IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRISTEN ANN BRYANT, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | C.A. No. _4:16-cv-2515_____ |
| | § | |
| STANDARD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## EXHIBIT B - INDEX OF STATE COURT DOCUMENTS

1.      Copy of the Civil Docket Sheet;

2.      Plaintiff's Original Petition, Request for Disclosure and Jury Demand; filed 06/28/2016;

3.      Citation to Standard Insurance Company with Affidavit of Service, filed 07/22/16; and

4.      Defendant's Original Answer, filed 08/15/16.

Dated:  August 16, 2016   Respectfully submitted,


By*:   s/ Ryan K. McComber*
    Ryan K. McComber
    Attorney-in-Charge
    State Bar No. 24041428
    S.D. ID # 621887
    ryan.mccomber@figdav.com
    Kristina A. Kiik
    State Bar No. 24074532
    S.D. ID # 1131001
    kristina.kiik@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas  75202
Tel:  (214) 939-2000
Fax:  (214) 939-2090

ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE COMPANY


## CERTIFICATE OF SERVICE

  I certify that the following parties have been served via certified mail, return receipt requested, on this the 16th day of August, 2016:

Marc S. Whitehead     Via CM/RRR
marc@marcwhitehead.com
J. Anthony Vessel
Anthony@marcwhitehead.com
Britney Anne Heath McDonald
Britney@marcwhitehead.com
Marc Whitehead & Associates,
Attorneys at Law, L.L.P.
5300 Memorial Drive, Suite 725
Houston, Texas  77007


    *s/Ryan K. McComber*
    Ryan K. McComber

**HCDistrictclerk.com**          BRYANT, KRISTEN ANN vs. STANDARD INSURANCE          8/3/2016
COMPANY
Cause: 201643675          CDI: 7          Court: 133

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 71192131 | Citation | | 07/22/2016 | 2 |
| 70869350 | PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND | | 06/28/2016 | 20 |

**Exhibit**

**1**

exhibitsticker.com

6/28/2016 3:54:46 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11381390
By: Bonnie Lugo
Filed: 6/28/2016 3:54:46 PM

# 2016-43675 / Court: 133

No._____

| | | |
|---|---|---|
| KRISTEN ANN BRYANT, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| STANDARD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE and JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

1.     NOW COMES KRISTEN ANN BRYANT, hereinafter referred to as "Plaintiff", and brings this action against STANDARD INSURANCE COMPANY, hereinafter referred to as "Defendant."

2.     Plaintiff brings this action to secure all disability benefits, whether they be described as short term and/or long term, or life waiver premium benefits to which Plaintiff is entitled under the disability insurance policy underwritten and administered by Defendant.

3.     Defendant has underwritten and administered the policy and has issued a denial of the benefits claimed under the policy by the Plaintiff.  The policy at issue can be identified as Policy Number 645870-B for long term disability and waiver of premium.

## I. PARTIES

4.     Plaintiff is a citizen and resident of Monument, Colorado.  Plaintiff resided in Houston, Harris County, Texas at the time the causes of action occurred.

1

Exhibit

2

5.      Defendant is a properly organized business entity doing business in the State of Texas. Defendant may be served with process by serving its registered agent, C T Corporation System, addressed at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II. JURISDICTION AND VENUE

6.      This is an action for damages for failure to pay benefits under an insurance policy and other related claims over which this court has jurisdiction. Specifically, the Plaintiff was a resident of the State of Texas and Defendant, a foreign corporation is authorized to do business in the State of Texas.

7.      The disability policy at issue in the case was issued in the State of Texas.

## III. THE CLAIM ON THE POLICY

8.      Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.  Said policy became effective September 1, 2010.

9.      Plaintiff is a 45 year old woman previously employed as a "Special Education Teacher".

10.     Special Education Teacher is classified under the Dictionary of Occupational Titles as light with an SVP of 7 and considered to be skilled work.

11.     Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on December 12, 2012, as on this date Plaintiff suffered from severe back pain.

12.     Plaintiff alleges she became disabled on December 14, 2012.

13.     Plaintiff filed for short term disability benefits with Defendant.

2

14.     Short term disability benefits were *granted*.

15.     Plaintiff filed for long term disability and waiver of premium benefits through the Plan administered by the Defendant.

16.     Defendant initially granted Plaintiff's request for long term disability benefits under the Plan.

17.     Subsequently, Defendant denied further long term disability benefits under the Plan pursuant to a letter to Plaintiff dated September 9, 2014.  Said letter allowed Plaintiff 180 days to appeal this decision.

18.     At the time Defendant denied Plaintiff further long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform her "Own Occupation"/"Any Occupation".

19.     If granted the Plan would pay monthly benefits of $2,900.00.

20.     Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

21.     Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

22.     Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of her own and any other occupation as defined by the Plan.

23.     On April 20, 2015, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability and waiver of premium benefits.

3

24.     Defendant also notified Plaintiff on April 20, 2015, that Plaintiff had exhausted her administrative remedies.

25.     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

26.     Plaintiff has now exhausted her administrative remedies.

## IV. MEDICAL FACTS

27.     Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

28.     Plaintiff suffers from fibromyalgia, post-surgery complications of the back, cervical fusion, and unsuccessful laminectomy of the back.

29.     Treating physicians document chronic back pain, radicular symptoms, and the continued pain that requires ongoing pain management.

30.     Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

31.     Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

32.     Plaintiff's treating physicians document these symptoms.  Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

33.     Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

4

34.    However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

35.    Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

36.    Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

37.    The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

38.    As such, Plaintiff has been and remains disabled per the terms of the Policy and has sought disability benefits pursuant to said Policy.

39.    However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

## V. DEFENDANT'S UNFAIR CLAIMS HANDLING PRACTICES

40.    On or about March 9, 2015, Defendant's internal vocational case manager, Steve Cooper, MS, CRC, performed a paper review of Plaintiff's claim file. The internal case manager erred by using wage information provided from a transferrable skills analysis performed on August 6, 2014 for his vocational review performed on March 9, 2015. Additionally he used data from 2013 to establish BLS median wage and failed to consider Plaintiff's limitations. Plaintiff is unable to sit for long periods of time. Mr. Cooper opined that Plaintiff can perform the duties of a school

secretary.  This is a sedentary position which requires sitting for extensive periods of time.

41.     On or about June 8, 2014, Defendant's salaried Medical Director Ronald C. Frabeck, M.D., performed a paper review of Plaintiff's claim file.

42.     Dr. Fraback's report is misleading, biased and result driven in that the doctor failed to review all relevant medical records, the report ignores or is contrary to controlling medical authority such as American College of Rheumatology.  The report fails to specify the medical standard upon which it relies.  The report is based on faulty or incorrect information.

43.     Further, Dr. Fraback failed to consider all the Plaintiff's illnesses.  The doctor failed to consider all the Plaintiff's illnesses in combination.  The report is conclusory and results driven, as demonstrated by the fact that the report cherry-picks the information by overemphasizing information that supports the Defendant's position and de-emphasizing information that supports disability and the report does not consider the standard of disability specified in the Policy.

44.     On or about January 29, 2015, Defendant's paid consultant, Denise I. Beighe, M.D., internal medicine, performed a peer review of Plaintiff's claim file.

45.     On or about January 30, 2015, Defendant's paid consultant, Kenneth J. Kopacz, M.D., orthopedic surgery, performed a peer review of Plaintiff's claim file.

46.     On or about April 7, 2015, Defendant's paid consultant, Denise I. Beighe, M.D., internal medicine, performed another peer review of Plaintiff's claim file.

47.     On or about April 13, 2015, Defendant's paid consultant, Kenneth J. Kopacz, M.D., orthopedic surgery, performed another peer review of Plaintiff's claim file.

48.     Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on biased reports from Drs. Beighe and Kopacz.  Defendant in bad faith, relies on non-treating physicians, who have not conducted physical examinations of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

49.     Defendant has failed to consider Plaintiff's credible complaints of pain and fatigue which limit Plaintiff's ability to function.

50.     Defendant has selectively reviewed Plaintiff's medical records and has cherry-picked only the excerpts from the medical records that support its pre-determined conclusion that Plaintiff is not disabled.

51.     Defendant has failed to apply proper definition of disability of an inability to perform the material duties of any occupation.

52.     Defendant has failed to consider the side effects of Plaintiff's medication.

53.     Defendant failed to allow Plaintiff an opportunity to respond to new evidence that first appeared in Defendant's final denial letter.  Specifically, there is an indication that Defendant's vocational consultants "Edward W. Hickok, and Linda Fischman, M.Ed., CRC," reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said reviews.

54.     Defendant's consultants completed their reports without examining Plaintiff.

55.     On April 20, 2015, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

56.     Defendant also notified Plaintiff on April 20, 2015, that Plaintiff had exhausted her administrative benefits.

57.     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

58.     At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

59.     Defendant's determination was influenced by its conflict of interest.

60.     Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

61.     The long term disability plan gave Defendant the right to have Plaintiff to submit to a physical examination at the appeal level.

62.     A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

63.     More information promotes accurate claims assessment.

64.     Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

65.     Defendant's conduct as a whole has failed to furnish a full and fair review of Plaintiff's claim.

## VI. FIRST CAUSE OF ACTION:

### Breach of Contract

66.     Plaintiff repeats and re-alleges paragraphs 1 through 65 of this Petition as if set forth herein.

67.     Plaintiff paid all premiums due and fulfilled all other conditions of the Plan.

68.     Under the terms of the Plan, Defendant is obligated to pay Plaintiff benefits, in full and without reservation of rights, during the period of time that Plaintiff is suffering totally disabled, as those words are defined in the Plan.

69.     In breach of its obligations under the aforementioned Plan, Defendant has failed to pay Plaintiff benefits in full and without any reservations of rights during the period of time that Plaintiff is suffering "totally disabled," as those words are defined in the Plan.

70.     Defendant stopped paying benefits to Plaintiff under the Plan, despite the fact that Plaintiff was totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow.

71.     Defendant breached the Plan when it stopped paying benefits to Plaintiff, despite the fact that Plaintiff was suffering totally disability, as that phrase is defined in the Plan. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

72.     Plaintiff has complied with all Policy provisions and conditions precedent to qualify for benefits prior to filing suit.

73.     As a result of Defendant's breach, Plaintiff suffered financial hardship.

74.     By reason of the foregoing, Defendant is liable to Plaintiff for damages.

### VII. SECOND CAUSE OF ACTION:

9

**Violation of Texas Insurance Code and DTPA**

75.    Plaintiff  realleges  and  incorporates  each  allegation  contained  in Paragraphs 1 through 74 of this Petition as if fully set forth herein.

76.    Due to the aforementioned acts and omissions, Defendant has violated the Texas Deceptive Trade Practices Act sections and articles in the following ways:

(a)    Insurance Code Article § 541.051 by misrepresenting the terms or benefits and advantages of The Policy;

(b)    Insurance Code Article § 541.052 by placing before the public materials containing untrue, deceptive, or misleading assertions, representations, or statements regarding The Policy;

(c)    Insurance Code Article § 541.060 by engaging in unfair settlement practices by (1) misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear; (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim; (4) failing within a reasonable time to affirm or deny coverage of Plaintiff's claim; and (5) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

(d)    Insurance Code Article § 541.061 by misrepresenting the Policy by (1) making an untrue statement of material fact; (2) failing to state a

10

material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; and (5) failing to disclose other matters required by law to be disclosed.

(e)   Business and Commerce Code § 17.46(b)(5) by representing that services had characteristics, uses and benefits that they did not have;

(f)   Business and Commerce Code § 17.46(b)(12) by representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve; and

(g)   Business and Commerce Code § 17.46(b)(24) by failing to disclose information concerning services which was known at the time of the transaction where the failure to disclose such information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed.

(h)   Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

(i)   Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

(j)     Defendant's interpretation of the definition of disability contained in the Policy is contrary to the plain language of the Policy, as it is unreasonable, arbitrary, and capricious;

(k)     Defendant failed to furnish Plaintiff a Full and Fair Review;

(l)     Defendant failed to specify information necessary to perfect Plaintiff's appeal;

(m)     Defendant has denied Plaintiff based on a selective and incomplete review of the records;

(n)     Defendant failed to credit Plaintiff's treating doctor's opinion;

(o)     Defendant has wrongfully terminated Plaintiff's long term disability benefits without evidence of improvement;

(p)     Defendant's request for objective evidence was improper;

(q)     Defendant failed to credit Plaintiff's credible complaints of pain and fatigue;

(r)     Defendant failed to consider the side effects of Plaintiff's medications;

(s)     Defendant has wrongfully relied on the opinions of internal, salaried medical personal  as substantial evidence;

(t)     Defendant has wrongfully relied on a reviewing doctor's opinion who failed to consider Plaintiff's occupation and/or vocational abilities;

(u)     Defendant unreasonably ignored Plaintiff's Social Security Administration determination;

(v)     Defendant failed to give Plaintiff an opportunity to respond to new evidence;

(w)     Defendant's objective is to terminate Plaintiff's claim which is contrary to its duty as a fiduciary to act in good faith;

(x)     Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff; and

(y)     Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

77.     Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §2(c)).

## VIII. THIRD CAUSE OF ACTION:

### Breach of Covenant of Good Faith and Fair Dealing

78.     Plaintiff repeats and realleges paragraphs 1 through 77 of this Petition as if set forth herein.

79.     By selling the insurance policy to Plaintiff and by collecting substantial premiums therefore Defendant assumed a duty of good faith and fair dealing toward Plaintiff.

80.     The Plan contains an implied promise that it would deal fairly and in good faith with Plaintiff and would do nothing to injury, frustrate, or interfere with Plaintiff's rights to receive benefits under the Plan.

81.     Defendant breached its duty of good faith and fair dealing toward Plaintiff in one or more of the following ways:

(a)    By failing to pay benefits to Plaintiff when Defendant knew or reasonably should have known that Plaintiff was entitled to such benefits;

(b)    By interpreting ambiguous Plan provisions against Plaintiff and in favor of its own financial interests;

(c)    By interpreting the factual circumstances of Plaintiff's disability condition against Plaintiff and in favor of its own financial interests;

(d)    By failing to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled, including several determinations by Plaintiff's treating physician, Dr. Thomas, Dr. Yeh and Dr. Dai;

(e)    By misrepresenting Plan coverage, conditions, exclusions, and other provisions;

(f)    By interpreting the definition of disability contained in the Plan contrary to the plain language of the Policy and in an unreasonable, arbitrary, and capricious manner;

(g)    By failing to provide a reasonable explanation of the basis for the denial of disability benefits to Plaintiff; and

(h)    By compelling Plaintiff to initiate this action to obtain the benefits to which Plaintiff was entitled under the Plan.

82.    By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Plaintiff suffered financial hardship, substantial emotional distress, mental anguish, and pain and suffering which exacerbated her depression and anxiety.

14

83.     The actions of Defendant amount to egregious tortuous conduct directed at Plaintiff, a consumer of insurance.

84.     Defendant's actions directed at Plaintiff are part of a similar conduct directed at the public generally.

85.     Defendant's actions were and are materially misleading and have caused injury to Plaintiff.

86.     Defendant carelessly relied on its own flawed review of the records instead of in person medical examinations to decide to discontinue paying benefits.

87.     By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Defendant is liable to Plaintiff for compensatory damages and, for its egregious tortuous conduct, punitive damages, and attorneys' fees, costs, and disbursements incurred in connection with this action.

## IX. FOURTH CAUSE OF ACTION

### Fraud

88.     Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 87 of this Petition as if fully set forth herein.

89.     Defendant acted fraudulently as to each representation made to Plaintiff concerning material facts for the reason it would not have acted and which Defendant knew were false or made recklessly without any knowledge of their truth.   The representations were made with the intention that they be acted upon by Plaintiff, who relied on those representations, thereby causing injury and damage to Plaintiff.

## X. FIFTH CAUSE OF ACTION

### Prompt Payment of Claim

90.     Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 89 of this Petition as if fully set forth herein.

91.     Defendant failed to timely request from Plaintiff any additional items, statements or forms that Defendant reasonably believed to be required from Plaintiff, in violation of Texas Insurance Code section 542.055 (a)(2)-(3).

92.     Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all items, statements, and forms required by Defendant in violation of Texas Insurance Code section 542.056(a).

93.     Defendant delayed payment of Plaintiff's claim in violation of Texas Insurance Code section 542.058(a).

## XI. SIXTH CAUSE OF ACTION

### Statutory Interest

94.     Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 93 of this Petition as if fully set forth herein.

95.     Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code section 542.060.

## XII. CAUSATION

16

96.    The conduct described in this Petition was a producing and proximate cause of damages to Plaintiff.

## XIII. DECLARATORY RELIEF

97.    Pleading further, Plaintiff would show she is entitled to declaratory relief pursuant to Section 37 of the Texas Civil Practices and Remedies Code.  Specifically, Plaintiff would show that she is entitled to declaratory relief due to Defendant's breach of its contractual obligation under the terms of The Policy.  TEX. CIV. PRACT. & REM. CODE § 37.001.

98.    The evidence at trial will show that Plaintiff submitted a timely and properly payable claim for long term disability benefits to Defendant.  The evidence will show that Defendant denied Plaintiff benefits which it contractually owes, because it claims that Plaintiff's condition does not meet the Policy's definition of "disabled".

99.    The conduct of Defendant as described above creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant.  Therefore, Plaintiff requests the Court exercise its power afforded under §37.001 et. seq. of the Texas Civil Practices and Remedies Code and declare the specific rights and statuses of the parties herein.  Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that she is disabled as that term is both commonly understood and as defined by the insurance contract made the basis of this suit.

## XIV. ATTORNEYS FEES

100.    Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees as are equitable and just under §37.009 of the Texas Civil Practices and

Remedies Code, §38.001 of the Texas Civil Practices and Remedies Code, and Section 542 of the Texas Insurance Code.

## XV. REQUEST FOR DISCLOSURE

101.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XVI. JURY DEMAND

102.   In accordance with Federal Rule of Civil Procedure 38, Plaintiff requests a trial by jury of all issues raised in this civil action that are triable by right (or choice) by a jury.

## XVII. KNOWLEDGE

103.   Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## XVIII. RESULTING LEGAL DAMAGES

104.   Plaintiff is entitled to the actual damages resulting from Defendant's violations of the law.   These damages include the consequential damages to her economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law.   In addition, Plaintiff is entitled to exemplary damages.

105.   As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimal jurisdictional limits of this Court.

106.   Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

107.   Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

108.   Plaintiff is entitled to statutory interest on the amount of her claim at the rate of 18% per year as damages under Texas Insurance Code section 542.060(a).

109.   Plaintiff is also entitled to the recovery of attorneys' fees pursuant to Texas Civil Practices and Remedies Code section 38.001, Texas Insurance Code section 542.060(a)(b), Texas Business & Commerce Code section 17.50, and Texas Civil Practices and Remedies Code section 37.009.

## XIX. PRAYER

110.   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court GRANT Plaintiff declaratory and injunctive relief, finding that she is entitled to all past due short term and long term disability benefits and waiver of premiums benefits yet unpaid under the terms of the Plan, and that Defendant be ordered to pay all future short term and long term disability benefits and waiver of premium benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

111.   Enter an order awarding Plaintiff all reasonable actual and punitive damages, pre- and post-judgment interest as allowed by law, attorneys' fees, costs of

suit and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and:

112.  Enter an award for such other relief as may be just and appropriate.

Dated: 6-28-16

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW, L.L.P.

By:

Marc S. Whitehead
    Tex. Bar No. 00785238
    Fed. I.D. Bar No. 15465
    marc@marcwhitehead.com
J. Anthony Vessel
    Tex. Bar. No. 24084019
    Fed. I.D. No. 1692384
    anthony@marcwhitehead.com
Britney Anne Heath McDonald
    Tex. Bar. No. 24083158
    Fed. I.D. Bar No. 2621983
    britney@marcwhitehead.com
5300 Memorial Drive, Suite 725
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940
ATTORNEY-IN-CHARGE
FOR PLAINTIFF,
KRISTEN ANN BRYANT

7/22/2016 5:31:35 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11790024
By: EVELYN PALMER
Filed: 7/22/2016 5:31:35 PM

COPY OF PLEADING PROVIDED BY PLTD.   CAUSE NO.  201643675

RECEIPT NO.                     0.00       MTA
                    **********        TR # 73261720

PLAINTIFF: BRYANT, KRISTEN ANN                     In The   133rd
            vs.                                    Judicial District Court
DEFENDANT: STANDARD INSURANCE COMPANY              of Harris County, Texas
                                                   133RD DISTRICT COURT
                                                   Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

**Exhibit**

**3**

TO: STANDARD INSURANCE COMPANY MAY BE SERVED BY SERVING ITS REGISTERED
    AGENT C T CORPORATION SYSTEM
    1999  BRYAN STREET SUITE 900   DALLAS  TX  75201 - 3136
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND

This instrument was filed on the 28th day of June, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 29th day of June, 2016, under my hand and
seal of said Court.

Issued at request of:                              CHRIS DANIEL, District Clerk
WHITEHEAD, MARC STANLEY                            Harris County, Texas
5300  MEMORIAL DRIVE, SUITE 725                    201 Caroline, Houston, Texas 77002
                                                   (P.O. Box 4651, Houston, Texas 77210)
HOUSTON, TX  77007
Tel: (713) 228-8888                                Generated By: LUGO, BONNIE  7Z4//10420874
Bar No.:  785238

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                              _____

                              _____ of _____County, Texas

_____                    By

# 133rd District Court of HARRIS County, Texas
201 CAROLINE, 11 FL HOUSTON TX 77002

## CASE #: 201643675

**KRISTEN ANN BRYANT**

*Plaintiff*
**VS**
**STANDARD INSURANCE COMPANY**

*Defendant*

### AFFIDAVIT OF SERVICE

I, **REBECCA SAVAGE**, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents stated
below on 07/22/16 1:57 pm, instructing for same to be delivered upon Standard Insurance
Company By Delivering To It's Registered Agent CT Corporation System.

| | |
|---|---|
| That I delivered to | : Standard Insurance Company By Delivering To It's Registered Agent CT Corporation System. By Delivering to Terry Thongsavat, Corp Ops Spec |
| the following | : CITATION; PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND |
| at this address | : 1999 Bryan Street Suite 900 Dallas, Dallas County, TX 75201 |
| Manner of Delivery | : by PERSONALLY delivering the document(s) to the person above. |
| Delivered on | : July 22, 2016 3:15 pm |

My name is REBECCA SAVAGE, my date of birth is April 11th, 1969, and my address is
Professional Civil Process Dallas, Inc., 2300 Valley View Ln, Ste 612, Irving TX
75062, and U.S.A.  I declare under penalty of perjury that the foregoing is true and
correct.

Executed in Dallas County, State of Texas, on the ___22___ day of
___July___, 20_16_.

REBECCA SAVAGE                                                    Declarant
1279

Texas Certification#: SCH-8173 Exp. 05/31/17

Private Process Server
Professional Civil Process Of Texas, Inc          PCP Inv#: D16700254
103 Vista View Trail Spicewood TX 78669           SO  Inv#: A16702444
(512) 477-3500

AX02A16702444
rebeccag

+ Service Fee:  70.00
  Witness Fee:    .00
  Mileage Fee:    .00
                                Whitehead, Marc
                                **E-FILE RETURN**

7/15/2016 10:34:49 AM
Chris Daniel - District Clerk Harris County
Envelope No. 12162176
By: JIMMY RODRIGUEZ
Filed: 8/15/2016 10:34:49 AM

NO. 2016-43675

| | | |
|---|---|---|
| KRISTEN ANN BRYANT, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STANDARD INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | 133RD JUDICIAL DISTRICT |

**<u>DEFENDANT'S ORIGINAL ANSWER</u>**

Defendant Standard Insurance Company ("Standard") files its original answer to Plaintiff's Original Petition, and states:

1.     **<u>General Denial.</u>** Subject to such admissions and stipulations as may be made at or before time of trial, Standard denies generally and specially the material allegations in Plaintiff's Original Petition, pursuant to TEX. R. CIV. P. 92, and demands strict proof thereof in accordance with the requirements of the laws of this state.

2.     **<u>Relief Requested.</u>**  Standard requests the following relief:

    (a)     That Plaintiff take nothing by reason of her suit;

    (b)     That Standard be dismissed with its costs; and

    (c)     That Standard have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

**Exhibit**

**4**

Dated:  August 15, 2016          Respectfully submitted,


By:  */s/ Ryan K. McComber*
     Ryan K. McComber
     State Bar No. 24041428
     ryan.mccomber@figdav.com
     Kristina A. Kiik
     State Bar No. 24074532
     kristina.kiik@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE COMPANY


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served on the following counsel of record via electronic filing on August 15, 2016:

Marc S. Whitehead               Via E-File:  Efile.TXCourts.gov
marc@marcwhitehead.com
J. Anthony Vessel
Anthony@marcwhitehead.com
Britney Anne Heath McDonald
Britney@marcwhitehead.com
Marc Whitehead & Associates,
Attorneys at Law, L.L.P.
5300 Memorial Drive, Suite 725
Houston, Texas  77007


     */s/ Ryan K. McComber*
     Ryan K. McComber

DEFENDANT'S ORIGINAL ANSWER – PAGE 2